**NOT FOR PUBLICATION**



# FILED

AUG 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor,<br>_____<br><br>INDIVIDUAL DIRECT LENDERS; LLC PLAINTIFFS,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DAVID BLATT,<br><br>Defendant-Appellant,<br><br>and<br><br>COMPASS PARTNERS, LLC; COMPASS USA SPE, LLC,<br><br>Defendants. | No. 18-17435<br><br>D.C. No.<br>2:07-cv-00892-RCJ-GWF<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 5, 2020[]
Seattle, Washington

Before: TASHIMA, W. FLETCHER, and RAWLINSON, Circuit Judges.

David Blatt (Blatt) appeals an order from the district court denying a motion to vacate a judgment. Because the district court did not evaluate factors relevant to a decision on vacatur, we consider *de novo* whether the undisputed facts support the district court's ruling. *See Andrews v. King*, 398 F.3d 1113, 1118 n.6 (9th Cir. 2005), *as amended*. Reviewing *de novo*, we affirm.

To evaluate the appropriateness of vacatur, courts may consider: (1) "the consequences and attendant hardships of dismissal or refusal to dismiss;" (2) "the competing values of the finality of judgment, and right to relitigation of unreviewed disputes;" (3) "the motives of the party whose voluntary action mooted the case;" and (4) the public interest against allowing a losing party to "buy and bury" an unfavorable decision. *American Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168, 1170 (9th Cir. 1998) (citation omitted).

The equities in this case weigh against vacatur. There was no impediment to dismissal of the case, as no party would be harmed by dismissal. The motive

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the person seeking to vacate the judgment was well-known: the movant did not want this judgment against him to remain part of the public record. There were no unresolved issues, and the public policy interest in disallowing parties to "buy and bury" a jury verdict weighed in favor of denying vacatur. On balance, therefore, we are not inclined to conclude that the district court erred in denying the motion for vacatur. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994) ("To allow a party . . . to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would-quite apart from any considerations of fairness to the parties-disturb the orderly operation of the federal judicial system.").

**AFFIRMED.**